UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80049-CR-MARRA/MATTHEWMAN

UNITED STATES OF AMERICA,

v.

SALOMON E. MELGEN,

        Defendant.
_____/

## DR. SALOMON MELGEN'S CORRECTED MOTION TO MODIFY THE BOND ORDER[1]

Dr. Salomon Melgen, through his undersigned counsel, respectfully moves the Court to modify its bond order of July 2, 2015 [*see* D.E. 67 at 8-16], so that $2 million of his assets may be transferred to his trial counsel for placement in his counsel's trust account for payment of ongoing legal fees and expenses. Specifically, Dr. Melgen requests that (1) $685,000 be released from his 401K retirement account, referenced in Paragraph II.J of the bond order which, after mandatory withholding of federal income tax (20%), will result in a net distribution of $548,000, and (2) $1,452,000 be released from the Charles Schwab account funds in escrow managed by Alan R. Chase, Esq., as referenced in Paragraph II.F of the bond order. [*See* D.E. 67 at 13-14.]

When the Court revoked the pretrial detention order and set bond, it required Dr. Melgen and his family to pledge their assets "as security for Defendant's appearance as required." [D.E. 42 at 4.] The required security was ultimately set at $18 million, including a $15 million personal surety bond partly secured by various cash and other assets. [D.E. 67 at 10-11.] As part of the terms of this personal surety bond, the Magistrate Judge appointed Mr. Chase as "escrow agent during the pendency of this bond order for the purpose of . . . preventing their dissipation."

---

[1] Corrected to include Certificate of Good Faith Conference, pursuant to Southern District of Florida Local Rule 88.9.

[*Id.* at 13 ¶ F.]  The Magistrate Judge also directed the trustee of Dr. Melgen's 401K retirement account, which was then valued at $700,000, "not to make any distributions to [him] . . . during the pendency of this bond order."  [*Id.* at 14 ¶ J.]

Dr. Melgen's legal expenses in these legal proceedings, the Lucentis-related administrative appeal, and the New Jersey case have been substantial.  These are three complex and highly contested cases involving extensive motion practice and briefing, among other things.  In order to ensure that he has adequate funds to defend himself at trial, Dr. Melgen requests that the Court amend the bond order to authorize his 401K trustee to release $685,000 and to authorize Mr. Chase to transfer those released funds (minus 20% withheld for federal income tax), and an additional $1,452,000 liquidated from Dr. Melgen's Charles Schwab account, to Dr. Melgen's counsel.

As the Court confirmed when revoking pretrial detention, the purpose of setting bond was to assure Dr. Melgen's appearance at trial, by placing "sufficient assets at risk that would leave Defendant and his family financially devastated" if he attempted to flee.  [D.E. 42 at 3.] Releasing funds for the purpose of allowing him to pay counsel will not alter his incentives for appearing at trial, because the released funds will not be available for Dr. Melgen's personal use, nor will that release diminish the financial consequences of any flight attempt.

Respectfully submitted,

  /s/Matthew Menchel
Matthew I. Menchel, Bar. No. 12043
KOBRE & KIM LLP
2 South Biscayne Boulevard, 35th Floor
Miami, FL 33131
(305) 967-6108 (tel)
(305) 976-6128 (fax)
Matthew.Menchel@kobrekim.com

Kirk Ogrosky (*pro hac vice*)
Murad Hussain (*pro hac vice*)
ARNOLD & PORTER LLP
601 Massachusetts Avenue, N.W.
Washington, D.C.  20001
(202) 942-5330 (tel)
(202) 942-5999 (fax)
Kirk.Ogrosky@aporter.com
Murad.Hussain@aporter.com

*Counsel for Defendant Salomon E. Melgen, M.D.*
July 20, 2016

## CERTIFICATE OF SERVICE

I hereby certify that, on July 20, 2016, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to counsel of record for all parties.

    /s/  Matthew I. Menchel
**KOBRE & KIM LLP**

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Southern District of Florida Local Rule 88.9, counsel have conferred in a good faith effort to resolve the issues raised in Dr. Salomon Melgen's Corrected Motion to Modify the Bond Order, and have been unable to do so.

    /s/  Matthew I. Menchel
**KOBRE & KIM LLP**