UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80049-CR-MARRA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SALOMON E. MELGEN,

        Defendant.
_____/

## ORDER ON MOTION TO EXCLUDE RECENTLY DISCLOSED EXPERTS

THIS CAUSE is before the Court upon Defendant's Motion to Exclude Untimely Recently Disclosed Experts and New Expert Opinions, and for Clarification of Previously Disclosed Expert Opinion **[DE 138]**. This Court having reviewed the pertinent portions of the record and being duly advised in the premises, it is hereby

ORDERED and ADJUDGED as follows:

This motion has been brought by Defendant based upon recent disclosures made by the United States of new expert testimony and witnesses that it intends to present during the upcoming trial in this case. In considering the motion, it should be noted that the indictment in this case was handed down on April 14, 2015. This is a complex case which required the input of expert witnesses to obtain the indictment. Furthermore, Defendant sought disclosure from the United States relative to the expert witnesses it intended to call at the trial in July of 2015. The United States responded to that request in August of 2015 with what it described as "completed summaries" of the testimony of its expected witnesses. The case was set for trial on October 1, 2015 to begin on September 19, 2016.

Despite the length of time the United States has had to investigate this case and the length of time this case has been scheduled for trial, the United States recently provided three separate new disclosures to Defendant relative to additional expert testimony it intends to present during the trial. While the United States initially attempted to characterize most of the new disclosures as being unnecessary and merely "out of an abundance of caution," the United States acknowledged at the hearing on the motion that some of the testimony it wishes to present is, in fact, expert testimony that should have been disclosed earlier.

In view of the length of the investigation of this case and the amount of time this case has been pending, it is difficult for the Court to understand how or why the United States failed to recognize its need for these new witnesses and areas of inquiry sooner. The Court has attempted to assess the complexity of the new testimony in relation to the difficulty and prejudice it would present to Defendant in preparing for the upcoming trial. The Court has also attempted to assess what testimony might be more important for the United States to be able to present and what testimony can be precluded in order to reduce the potential prejudice to Defendant and permit the case to proceed as scheduled.

After carefully analyzing the situation, and weighing the prejudices to both parties, the Court has come to the conclusion that it would be inappropriate for it to act as the arbiter of what evidence the United States does or does not need to prove its case. If the United States believes that it needs this testimony to prosecute the case successfully, it should be permitted to do so as long as there is no undue prejudice to Defendant. As the United States as pointed out, preclusion of evidence is an extreme sanction and is not warranted if a less extreme action would protect Defendant's right to a fair trial.

On the other hand, the Court has also come to the conclusion that Defendant would be unduly prejudiced if he was required to have to defend against this new evidence, determine whether to obtain his own witnesses to rebut this new evidence and actually obtain witnesses to refute this new testimony within the current schedule.  Hence, if the United States wishes to present this testimony, a continuance is necessary to prevent undue prejudice and assure Defendant a fair trial.

The Court has expressed to the parties that if a continuance is granted, it will be a significant one due to the Court's commitment to other cases.  The Court set aside time for this trial and scheduled other cases in the upcoming months based on the assumption that this case would proceed as scheduled.  Even a short continuance of a few weeks would not alleviate the Court's scheduling problems, nor would it provide Defendant with sufficient time to prepare to for trial in view of the new disclosures. So, even though the United States has indicated that a significant continuance would impose an extreme hardship on it and its witnesses, it has created the situation and has to bear responsibility for any such hardship.

In view of the foregoing, Defendants Motion to Exclude Untimely Recently Disclosed Experts and New Expert Opinions [DE 138] is **DENIED.**  However, Defendant's *ore tenus* motion for a continuance if the Court was going to allow the United States to present the newly

disclosed testimony is **GRANTED.** The case will be reset for trial by separate order.[1]

DONE and ORDERED in West Palm Beach, Florida, this 16th day of August, 2016.

_____
KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies provided to:

All counsel

---

[1] If the parties wish to keep the currently scheduled trial date, they may attempt to reach an agreement on what additional expert testimony, if any, the United States may be permitted to present without objection from Defendant. The Court will not make any changes to its schedule for one week in order to allow the parties to attempt to come to some mutually agreeable arrangement. Otherwise, the Court will adjust its schedule on the assumption the case will be continued.