UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80049-Cr-MARRA

UNITED STATES OF AMERICA,
        Plaintiff,

vs.

SALOMON E. MELGEN,
        Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE (DE 165)

On 10/23/2016, the Defendant appeared for a hearing on his motion to modify conditions of release. (DE 165). The Defendant requested that he be allowed: (1) to reside in his home, (2) to travel unescorted within the Southern District of Florida on a daily basis between the hours of 9 a.m. and 9 p.m., and (3) to substitute a radio frequency monitor for his GPS monitor. For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART the Defendant's motion.

As a preliminary matter, this Court notes that in *United States v. Quatermaine*, 913 F.2d 910, 917 (11th Cir.1990), the Eleventh Circuit cited *United States v. Gonzales–Claudio*, 806 F.2d 334, 339 (2d Cir., *cert. dismissed sub nom. Melendez–Carrion v. United States*, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986), for the proposition that "at some point and under some circumstances, the duration of pretrial detention becomes unconstitutional." It also cited *Gonzales–Claudio* for the proposition that the responsibility of the government for the delay is a factor in considering whether detention is appropriate. *Quatermaine* at 918. It follows that those factors weigh on the conditions of release as well. It thus bears noting that the Government's

failure to timely comply with its discovery obligations occasioned a six month delay of the trial in this case. (DE 159 at 2). Mindful of that, this Court turns to the conditions of release being questioned.

(1) Allowing the Defendant to reside in his home.

Originally it was ordered that the Defendant must not reside at a location with access to a waterway. (DE 42 at 3). An assessment at the hearing of the Defendant's ability to flee via water from his home vs. via highway access to a point of immediate departure leads this Court to conclude that there is no appreciable faster exit afforded via water. Accordingly, the Defendant's motion to modify the conditions of release to allow him to reside at his home is **GRANTED**.

(2) Allowing the Defendant to travel unescorted within the Southern District of Florida on a daily basis between the hours of 9 a.m. and 9 p.m.

For a few purposes the Defendant has been permitted, with advance approval from Pre-trial Services, to travel with an escort who could be a family member. This Court finds no appreciable decrease in the risk of flight afforded by requiring a family member to accompany the Defendant during approved travel. Accordingly, the Defendant's motion to modify the conditions of release to delete the requirement that the Defendant be escorted during travel is **GRANTED**.

(3) Allowing the substitution of a radio frequency monitor for the Defendant's GPS monitor.

The Defendant complains of the discomfort occasioned by the constant presence of his ankle GPS monitor. However, a comparison of the GPS monitor with the radio frequency monitor leads this Court to conclude that there is little appreciable difference in the comfort

levels afforded by each device. Moreover, the GPS monitor provides a very valuable extra level of security in that it notifies Pre-trial Services of the whereabouts of the Defendant at any time whereas the radio frequency monitor only provides notice of when the Defendant is at home. Accordingly the Defendant's motion to modify the conditions of release to substitute a radio frequency monitor for the Defendant's GPS monitor is **DENIED**.

DONE AND ORDERED this 24 day of October, 2016, at West Palm Beach, Florida.

*James M. Hopkins*
**James M. Hopkins,**
**United States Magistrate Judge**

Counsel of record