UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-80049-CR-MARRA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

SALOMON E. MELGEN,

        Defendant.
_____/

**ORDER DENYING MOTION FOR BOND AND MOTION FOR NEW TRIAL**

THIS CAUSE is before the Court upon Defendant's Motion for Bond Pending Appeal and Motion for New Trial [DE 492]. This Court having reviewed the pertinent portions of the record and being duly advised in the premises, it is hereby

ORDERED and ADJUDGED as follows:

Defendant was convicted of 37 counts of health care fraud in violation of 18 U.S.C. §1347; 19 counts of making false, fictitious or fraudulent claims in violation of 18 U.S.C. §§ 287 and 2, and 11 counts of making false statements relating to health care matters in violation of 18 U.S.C. §§ 1035(a)(2) and 2. Defendant was sentenced to 204 months of imprisonment, 3 years of supervised release, a $6,700.00 special assessment and $52,997,440.00 in restitution. Upon the return of the jury's verdict, Defendant was remanded to the custody of the United States Marshal, the Court finding that Defendant had not made a showing by clear and convincing evidence that he was not a flight risk. Volume 32 of the Trial Transcript at 30; *see* 18 U.S.C. § 3143(a). Defendant now moves the Court to be released on bond pending his appeal pursuant to 18 U.S.C. § 3143(b). He also moves for a new trial based upon an assertion of newly

discovered evidence.

In order to be granted bond pending his appeal, Defendant must demonstrate, by clear and convincing evidence, that he is not likely to flee. He must also demonstrate that his appeal is not for the purpose of delay and that the appeal raises a substantial question of law or fact likely to result in a reversal, a new trial, a sentence that does not include a term of imprisonment or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b). A substantial question is one that is novel, has not been decided by controlling precedent or is fairly doubtful. *United States v. Giancola,* 754 F.3d 898, 900 (11th Cir. 1985). Thus, the question must be of more substance than would be necessary to a finding that it was not frivolous. *Id.* at 901.

As was the case at the time Defendant was remanded after the jury verdict, the Court finds that Defendant has not demonstrated, by clear and convincing evidence, that he is not a flight risk. Although Defendant complied with the conditions of pretrial release before the verdict was rendered, circumstances have changed significantly with his conviction. In view of the length of Defendant's sentence and his age, there is great incentive for Defendant to flee.

The Court also rejects Defendant's assertion that the issues he intends to raise on appeal are likely to result in a reversal. First, the Court gave an appropriate and legally sufficient instruction on the question of materiality. Second, the peer comparison evidence was properly admitted after the government made an adequate showing. Additionally, providing each juror with a copy of the indictment was not reversible error given that the jurors were advised the indictment was not evidence of guilt. Lastly, it was within the Court's discretion how to deal with Dr. Bergen's alleged wrongful conduct, and there was no showing that Defendant was

prejudiced by the conduct at issue.

The Court also rejects Defendant's motion for a new trial. The information upon which Defendant relies was not newly discovered, and assuming it was, it probably would not have changed the outcome of the trial.

In view of all of the foregoing, Defendant's Motion is DENIED.

DONE and ORDERED in West Palm Beach, Florida, this 30th day of July, 2018.

KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies provided to:

All counsel